**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **NOVELPOINT SECURITY LLC,** | |
| Plaintiff, | Case No. 2:12-cv-112 |
| v. | **PATENT CASE** |
| **APPLE, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff NovelPoint Security LLC files this Complaint against Apple, Inc., for infringement of United States Patent Nos. 5,434,562 (the "'562 Patent") and 6,212,635 (the "'635 Patent").

## PARTIES AND JURISDICTION

1.     This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.     Plaintiff NovelPoint Security LLC ("Plaintiff" or "NovelPoint") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 1300 Ballantrae Drive, Allen, Texas 75013.

4.     Upon information and belief, Defendant Apple, Inc. ("Defendant") is a California corporation with its principal office located at 1 Infinite Loop, Cupertino, CA 95014.  This Court has personal jurisdiction over Defendant because Defendant has committed acts of infringement

in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5.      On information and belief, Defendant's products that are alleged herein to infringe were and/or continue to be made, used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

6.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,434,562)

7.      Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

9.      Plaintiff is the owner by assignment of the '562 Patent with sole rights to enforce the '562 Patent and sue infringers.

10.      A copy of the '562 Patent, titled "Method for Limiting Computer Access to Peripheral Devices," is attached hereto as Exhibit A.

11.      The '562 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

12.      Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '562 Patent, including at least claims 3, 7 and 14, by making, using, importing, selling and/or offering for sale computers that include a computer security system

and/or a security method for a computer covered by one or more claims of the '562 Patent, including without limitation computer models Intel Based Macs in early 2006.

13.     Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT 2

## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,212,635)

14.     Plaintiff incorporates paragraphs 1 through 6 herein by reference.

15.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

16.     Plaintiff is the owner by assignment of the '635 Patent with sole rights to enforce the '635 Patent and sue infringers.

17.     A copy of the '635 Patent, titled "Network Security System Allowing Access and Modification to a Security Subsystem After Initial Installation When a Master Token Is in Place," is attached hereto as Exhibit B.

18.     The '635 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

19.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '635 Patent, including at least claims 1 and 8, by making, using, importing, selling and/or offering for sale computers that utilize a method for providing security for a computer and/or computers that include a computer security system covered by one or more claims of the '635 Patent, including without limitation computer models Intel Based Macs in early 2006.

20.     Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b)    Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

c)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

d)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.


Dated: March 9, 2012                           Respectfully submitted,


                                               _/s/ Craig Tadlock_____
                                               Craig Tadlock
                                               State Bar No. 00791766
                                               Keith Smiley
                                               State Bar No. 24067869
                                               TADLOCK LAW FIRM PLLC
                                               400 E. Royal Lane, Suite 290
                                               Irving, Texas 75039
                                               214-785-6014
                                               craig@tadlocklawfirm.com
                                               keith@tadlocklawfirm.com

                                               *Attorneys for Plaintiff NovelPoint Security LLC*